IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM J. BUCK, #R-21689, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 12-cv-273-JPG |
| | ) |
| C/O HARTMAN, | ) |
| LT. LASHBROOK, and LT. MIFFLIN, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

      This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 10), filed with this Court on July 20, 2012, and for case management.  Previously, Plaintiff was notified on June 18, 2012, in Doc. 9 that if he failed to move to voluntarily dismiss his claim in Count 3 for retaliation against Defendants Mifflin, and Lashbrook, that claim would be severed into a new action and a new filing fee would be assessed.  Plaintiff was given 45 days, until August 2, 2012, to file a motion for voluntary dismissal, so as to avoid the imposition of an additional filing fee.  Plaintiff has not requested voluntary dismissal of Count 3, but instead asks the Court to reinstate the dismissed claims in Counts 2 and 4 as well as the dismissed Defendants, so that all his claims may go forward in a single action.

      Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure.  The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule

59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions- no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order, "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. FED. R. CIV. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by

direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Plaintiff's motion was filed within 28 days of the order he challenges, therefore, either Rule 59(e) or Rule 60(b) may be applied. Plaintiff essentially argues that the Court made a mistake of law in dismissing his claims in Count 2 and 4. Accordingly, the Court construes the motion as having been brought pursuant to Rule 59(e). In Count 2, Plaintiff alleged that his due process rights were violated when he was subjected to one year in disciplinary segregation after he was found guilty on two disciplinary tickets. In Count 4, Plaintiff alleged that his unsanitary and poorly ventilated cell, and the inadequate prison diet, constituted cruel and unusual punishment. Both counts were dismissed for failure to state a claim upon which relief could be granted.

Plaintiff has not shown any mistake of law or fact, or presented any newly discovered evidence, that would entitle him to an altered or amended judgment under Rule 59(e). Nor has he stated any grounds for relief within the scope of Rule 60(b). Instead, he argues at length that the more onerous conditions in Pontiac (chiefly greater restrictions on privileges such as visitation, telephone calls, property, commissary, and library access), where he was transferred after the incidents that gave rise to his suit, are sufficient to support his due process claim in

Count 2. He also reiterates his complaints regarding the cell conditions and diet.

Upon review of the record, the Court remains persuaded that its ruling dismissing Counts 2 and 4 pursuant to 28 U.S.C. § 1915A was correct. Therefore, the Motion for Reconsideration (Doc. 10) is **DENIED**.

Further, because Plaintiff has indicated no desire to voluntarily dismiss the retaliation claim in Count 3, the Court will proceed to sever that claim into a new action.

## SEVERANCE OF CLAIMS

**IT IS HEREBY ORDERED** that Plaintiff's retaliation claim, which is unrelated to the deliberate indifference claim in Count 1 is **SEVERED** into a new case. That new case shall be: Claims against **DEFENDANTS MIFFLIN** and **LASHBROOK** for retaliation.

The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

(1)   This Memorandum and Order;

(2)   The Original Complaint (Doc. 1) and accompanying Exhibits;

(3)   The Memorandum and Order regarding severance (Doc. 9).

**IT IS FURTHER ORDERED** that the *only claim remaining in this action is COUNT 1 against Defendant HARTMAN*, for deliberate indifference to Plaintiff's medical needs on July 20, 2011. This case shall now be captioned as: **WILLIAM J. BUCK, Plaintiff, vs. C/O HARTMAN, Defendant.**

**IT IS FURTHER ORDERED** that Defendants **MIFFLIN, and LASHBROOK** are **TERMINATED** from *this* action with prejudice.

If Plaintiff is unable to pay the $350.00 filing fee in full for the new severed case, he shall file a Motion for Leave to Proceed *In Forma Pauperis* (IFP) in that case within 21 days of this order (on or before **September 4, 2012)**.  The Clerk is **DIRECTED** to mail Plaintiff the form for a Motion for Leave to Proceed *In Forma Pauperis*.  Failure to either pay the filing fee for the new action or file a Motion for Leave to Proceed *In Forma Pauperis* may result in dismissal of that new action pursuant to Federal Rule of Civil Procedure 41(b).

## DISPOSITION

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **HARTMAN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, the Memorandum and Order at Doc. 9, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 14, 2012**

*s/J. Phil Gilbert*
**United States District Judge**