IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM J BUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.  **3:12-cv-00273-JPG-PMF** |
| | ) |
| C/O HARTMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**FRAZIER, Magistrate Judge:**

Before the court is Plaintiff William J. Buck's (Doc. 62) motion to compel and Defendant C/O Hartman's (Doc. 63) response thereto. For the following reasons, the (Doc. 62) motion to compel is granted, in part, and denied, in part.

On March 28, 2012, Buck filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging that Hartman was deliberately indifferent to Buck's serious medical condition on July 20, 2011, when he refused to summon medical attention for Buck while he was having difficulty breathing in his cell due to asthma. On July 8, 2013, Buck served discovery requests upon Hartman including 1) requests for interrogatories pursuant to Rule 33 of Federal Rules of Civil Procedure, 2) requests for production of documents pursuant to Rule 34 of Federal Rules of Civil Procedure, and 3) requests for admissions pursuant to Rule 36 of Federal Rules of Civil Procedure. After obtaining responses to the requests, Buck filed the instant motion to compel on August 30, 2013. *See* Doc. 62.

The court addresses the discovery dispute presented by the (Doc. 62) motion to compel as follows:

1. **Requests for Interrogatories (Rule 33) and Requests for Admission (Rule 36)**

Buck seeks an order compelling proper responses to his interrogatories. A party seeking discovery may move for an order compelling production if a party fails to answer an interrogatory submitted under Rule 33. FED. R. CIV. P. 37(a)(3)(B)(iv). As a preliminary matter, Buck points out that Hartman did not provide responses under oath, as required by Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P. 33(b)(3). Hartmann acknowledges the oversight and states that the deficiency has been cured by the delivery of updated responses with the requisite declaration on September 13, 2013. *See* Doc. 62 at 5 ¶ 12. Buck states that he has not received the update. *See* Doc. 71 at 4. Accordingly, Hartman shall re-send the declaration to Buck within 30 days of this order.

Next, Buck argues that Hartman did not fully respond to specific interrogatories. *See* Doc. 62 p. 3, ¶ 9 (identifying responses 1-3, 8, 10, 13). Buck makes essentially the same argument as to requests for admissions 1, 5, 6, 7, and 13. In response to the interrogatories and requests for production, Hartmann denied having any recollection of the events related to this lawsuit. Buck claims these answers are evasive. As to interrogatories, an evasive or incomplete answer must be treated as a failure to answer. *See* FED. R. CIV. P. 37(a)(4). For requests for admission, a party must specifically deny the request for admission or state in detail why the answering party cannot truthfully admit or deny it (if a matter is not admitted). *See* FED. R. CIV. P. 36(a)(4). With the exception of request for admission 5 (for which Hartman has already supplemented his answer), Hartman stands by his answers. Buck's mere belief that Hartman actually possess the relocation to respond to the interrogatory or request for production does not make Hartman's answers evasive or incomplete. Hartman has provided his answer to these

discovery requests, and the court has no reason to question his sincerity. Therefore, interrogatories 1-3, 13, and requests for admission 1, 6, 7, 13 were appropriately answered.

Next, interrogatory 8 and the response thereto provide as follows:

**8.** Does the defendant know much suffering can be had having an asthma attach if not treated immediately, if so, explain what he believes that suffering is, and why he believes it, and any evidence relied upon for that belief?

**Answer:** Defendant objects to this interrogatory to the extent that it seeks information not relevant, not admissible, and not reasonably likely to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as vague, confusing, speculative, and irrelevant. Defendant is not a medical expert qualified to make determinations on degrees of suffering which may or may not be experience by others.

The court agrees that the question is confusing and poorly worded. The vagueness objection is sustained. It appears that Buck was attempting to ask what lay knowledge Hartman possessed regarding asthma. The court does not agree that this information would be irrelevant because a deliberate indifference claim requires that a plaintiff show that the defendant had actual knowledge of a serious risk of harm. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Hartman's lay knowledge of the seriousness of the condition could therefore be relevant. The simple answer from Hartman's perspective could very well be "none." Accordingly, Buck may re-submit an interrogatory on this topic within 14 days of this order.

Finally, interrogatory 10 and the response thereto provide as follows:

**10.** Do you believe a person denied medical help who is the care of another should be compensated? If not, explain, why you believe that way, and state any evidence relied upon for that belief.

**Answer:** Defendant objects to this interrogatory to the extent that it seeks information, not relevant, not admissible, and not likely to lead to the discovery of admissible evidence…

The court sustains the relevancy objection. Hartman's personal belief on this topic has no bearing on this lawsuit.

3

### 2. Requests for Production (Rule 34)

Buck seeks an order compelling proper responses to his requests for production. A party seeking discovery may move for an order compelling production if a party fails to respond that inspection will be permitted as requested under Rule 34. FED. R. CIV. P. 37(a)(3)(B)(iv). An evasive or incomplete disclosure must be treated as a failure to disclose. *See id*. § 37(a)(4).

As a preliminary matter, Bucks objects to the clarity of the copies of documents that were produced to him by Hartman. *See* Doc. 62, p. 2 ¶ 4. The parties disagree as to whether these documents are a representative sample of all the documents produced. Regardless, the court will only respond to specific discovery disputes and these were the only documents provided on this topic.

The court agrees that some of the material produced is completely illegible. *See* Doc. 62-1, pp. 11-13, 16, 20. This could very well be the way that the documents actually appear in the medical file. However, it is also possible that legible copies of the documents could be produced if more care is taken in scanning or copying the records. Accordingly, the court will direct Hartman to re-produce the documents bates-stamped DEF000186, DEF000175, DEF000168, DEF000164, and DEF00005 within 30 days of this order.

Other responsive documents produced contain no information. *See* Doc. 62-1, pp. 14-15, 17-19. These documents are legible but contain no information. Hartman explains the blank documents were produced because they were in Buck's medical file. The documents bates-stamped DEF00014, DEF000112, DEF000075, DEF000068, and DEF000010 need not be re-produced.

Next, requests for production 2 and 5 and the response thereto provide as follows:

4

**5.** The cell house roster of inmates housed on the "even side" gallerys #2, #4, #6, #8 and #10 in the east cell house in Menard Corr. Cent. During July 2011 and August 2011 (names, I.D.'s and cells)

**Answer:** Defendant objects to this request as overbroad and irrelevant. Plaintiff was house in the "even side" gallery #6 and claims Defendant was indifferent to his medical needs on July 20, 2011; the identity of all inmates in all galleries for a two month period is overly burdensome and irrelevant to the instant litigation. Without waiving this objection, Defendant refers Plaintiff to attached BATES stamped documents DEF213 through DEF 217.

**5.** The days and times C\O Hartman worked in the east cell house during July 2011 and August 2011 in Menard Corr. Cent.

**Answer:** Defendant objects to this request as overbroad and irrelevant. Plaintiff claims Defendant was indifferent to his medical needs on July 20, 2011; all other dates Defendant worked in the east cell house are therefore irrelevant to the instant litigation and producing all rosters for a two-month period is overly burdensome. Without waiving this objection, Defendant refers Plaintiff to attached BATES stamped documents DEF201 through DEF 212.

The objection as to relevancy is overruled. The objection as to scope is partially sustained and partially overruled. The complaint states the incident took place "on or approximately" and "on or about" July 20, 2011. *See* Doc. 1 at 6. Thus, Hartman's response was too narrow. However, the court agrees that responsive information through the end of August is not necessary. Accordingly, Hartman is directed to re-produce responsive documents to requests 2 and 5 within 30 days of this order that fall within the following timeframe: 7 days prior to and 7 days following July 20, 2011.

### 3. Request for Sanctions

Last, Buck requests that sanctions be imposed for Hartman's deliberate and unnecessary delay of this litigation. Hartman responds that he complied with Buck's discovery requests in good faith and discovery sanctions are not appropriate. The court declines to impose discovery sanctions at this time.

For the forgoing reasons, the (Doc. 62) motion to compel is granted, in part, and denied, in part.

SO ORDERED.

DATED: January 16, 2014.

<u>*s/ Philip M. Frazier*</u>
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE