IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM J. BUCK,

      Plaintiff,

vs.

C/O HARTMAN, *et al.*,

      Defendants.

Case No. 12-cv-273-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 116) of Magistrate Judge Philip M. Frazier recommending this Court deny Plaintiff William J. Buck's Motion for Summary Judgment (Doc. 92) and Defendant C/O Hartman's[1] Motion for Summary Judgment (Doc. 109). Plaintiff filed an objection (Doc. 117) to the R & R. For the following reasons, the Court adopts the R & R and denies the motions for summary judgment.

Plaintiff is in the custody of the Illinois Department of Corrections and is currently incarcerated at Stateville Correctional Center ("Stateville"). Plaintiff brings his claim pursuant to 42 U.S.C. § 1983 alleging Defendant was deliberately indifferent to his medical needs in violation of the Eighth Amendment. Specifically, Plaintiff alleges that while he was incarcerated at Menard Correctional Center ("Menard"), he suffered a serious asthma attack one evening in late July 2011 for which his Albuterol inhaler failed to provide relief. During the attack, Plaintiff experienced difficulty breathing, chest pains, wheezing, and coughing. Plaintiff's cellmate and other inmates in the cellhouse, realizing Plaintiff needed medical treatment, notified a correctional officer who summoned Defendant. Defendant, the acting sergeant in Plaintiff's cellhouse, told Plaintiff he could not leave his cell because the prison was on lockdown status.

---

[1] The correct spelling of Defendant's last name is "Hartmann." Plaintiff incorrectly listed Defendant's name as "Hartman."

Defendant further told Plaintiff he should drink some water and threatened to send him to segregation if he continued to complain.  Ultimately, Plaintiff submitted an emergency grievance for medical care and was first treated in the health care unit a week later.  Plaintiff and Defendant both filed Motions for Summary Judgment and Magistrate Judge Frazier recommended that the Court deny both motions.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation.  Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

No objection has been made to Magistrate Judge Frazier's recommendation that Defendant's motion be denied.  The Court has reviewed the relevant portion of the R & R and finds it is not clearly erroneous.  As such the Court adopts the R & R to the extent it recommends the Court deny Defendant's motion and denies Defendant's Motion for Summary Judgment (Doc. 109).  However, because Plaintiff has objected to the recommendation that his Motion for Summary Judgment be denied, the Court will review the relevant portion of the R & R *de novo*.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v.*

*Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.  Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).  A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must demonstrate both subjective and objective components.  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  The objective component requires the plaintiff show the "medical condition is 'objectively, sufficiently serious.'"  *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  The subjective component requires the plaintiff show "that prison officials acted with a 'sufficiently culpable state of mind.'"  *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834).  Prison officials "must 'both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' and 'must also draw the inference.'"  *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 837).

In his R & R, Magistrate Judge Frazier noted that "[w]hen the facts and reasonable inferences are drawn in favor of the non-moving party ([Defendant] in this instance), a genuine

3

dispute remains as to whether [Plaintiff]'s asthma was severe enough to become a 'serious medical need'" (Doc. 116, pp. 8-9).  Plaintiff objects that the R & R "never explained what, if any, evidence provided to create a material dispute to defeat Plaintiff's motion" (Doc. 117, p. 1).  Judge Frazier, however, did indicate that there was a dispute as to whether Plaintiff's medical records established a "serious medical need."  Further, Defendant attached his own affidavit in which he attests that he does "not recall ever being summoned to [Plaintiff]'s cell to respond to complaints of an asthma attack," and he "never refused to call the Health Care Unit for an inmate who needed immediate medical treatment" (Doc. 98-2).  This affidavit provides evidence disputing the subjective element of Plaintiff's deliberate indifference claim.  Accordingly, even if Plaintiff did suffer a serious medical condition, summary judgment on Plaintiff's motion is inappropriate because Defendant has produced evidence raising a genuine issue of material fact with respect to the subjective element of Plaintiff's claim.

For the foregoing reasons, the Court **ADOPTS** Judge Frazier's R & R (Doc. 116) and **DENIES** the parties' Motions for Summary Judgment (Docs. 92 & 109).  The Court further **RECONSIDERS** its Order (Doc. 5) denying Plaintiff's Motion for Appointment of Counsel and will attempt to recruit *pro bono* counsel for Plaintiff.  The Final Pre-trial Conference is set for April 22, 2015, at 11:00 a.m. at the Benton Courthouse.  Trial is set for May 18, 2015, at 9:00 a.m. at the Benton Courthouse.

**IT IS SO ORDERED.**

**DATED:** January 29, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**