# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM J. BUCK, #R-21689, <br><br> Plaintiff, <br><br> v. <br><br> C/O HARTMAN, <br><br> Defendant. | 3:12-cv-00273-SMY-PMF |

## MEMORANDUM AND ORDER

**YANDLE**, District Judge:

On July 20, 2016, the Court held a Final Pretrial Conference in this matter and issued rulings on the parties' motions *in limine*. (Docs. 181, 186). Now before the Court is Defendant's Motion to Reconsider two of the Court's rulings.

Plaintiff's second motion *in limine* sought to exclude all evidence of Plaintiff's grievances and prior complaints. Defendant, however, argued that a grievance dated July 24, 2011, is relevant and thus admissible. The Court granted Plaintiff's motion over Defendant's objection. Plaintiff also objected to the Defendant introducing Plaintiff's cumulative counseling summary as evidence, asserting that the document is not relevant. *See* Docs. 160, 168. The Court ruled that the cumulative counseling summary is inadmissible over Defendant's objection. Defendant now moves the Court for reconsideration of those rulings.[1]

## DISCUSSION

The purpose of a motion *in limine* is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41,

---

[1] At the Final Pretrial Hearing, the Court granted Defendant leave to submit additional information and argument for reconsideration of these rulings.

n.4 (1984) ("[A]lthough the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."). It serves to "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996)).

Motions *in limine* also may save the parties time, effort, and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.*, 932 F. Supp. 220, 222 (N.D. Ill. 1996). A court may reserve judgment until trial, so that the motion *in limine* is placed "in an appropriate factual context." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Stated another way, rulings *in limine* are "subject to change when the case unfolds" at trial. *Luce*, 469 U.S. at 41. Moreover, the court may alter a ruling *in limine* based on developments at trial or sound judicial discretion. *Luce*, 469 U.S. at 41.

In requesting reconsideration, Defendant Hartman offers no additional information or arguments which persuade the Court that either the July 24, 2011 grievance or the cumulative counseling summary is relevant or material. Accordingly, Defendant's motion is **DENIED**. However, this denial is without prejudice; Defendant may tender an offer of proof at trial for the admission of these documents.

**IT IS SO ORDERED.**
**DATED:  August 29, 2016**

                                        **s/ Staci M. Yandle**
                                        **STACI M. YANDLE**
                                        **UNITED STATES DISTRICT JUDGE**